HAILYN J. CHEN (State Bar No. 237436)
Hailyn.Chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
REBECCA L. SCIARRINO (State Bar No. 336729)
Rebecca.Sciarrino@mto.com
RACHEL M. SCHIFF (State Bar No. 336643)
Rachel.Schiff@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4097
Facsimile:   (415) 512-4077

Attorneys for Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br><br>    vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-20, inclusive,<br><br>            Defendants. | Case No. 2:19-CV-10385-PSG-MRW<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date:    April 21, 2023<br>Time:   1:30 PM<br>Dept.:   Courtroom 6A<br>Judge:  Hon. Philip S. Gutierrez |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................7

II. BACKGROUND ...................................................................................................8

III. STANDARD OF REVIEW ...................................................................................9

IV. ARGUMENT .........................................................................................................9

    A. *Cummings* Holds That Emotional Distress Or Mental Anguish Damages Are Not Cognizable Under Spending Clause Statutes .............................................10

    B. Emotional Distress, Psychological, And Reputational Damages Are Not Cognizable In Title IX Actions In Light Of *Cummings* ...........................................11

V. CONCLUSION ....................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*A.T. v. Oley Valley Sch. Dist.*,
   No. CV 17-4983, 2023 WL 1453143 (E.D. Pa. Feb. 1, 2023) ............................ 11

*Barnes v. Gorman*,
   536 U.S. 181 (2002) ........................................................................................... 10

*Bonnewitz v. Baylor Univ.*,
   No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399 (W.D. Tex. July 12, 2022) ............................................................................................................ 12

*Coleman v. Cedar Hill Indep. Sch. Dist.*,
   No. 3:21-CV-2080-D, 2022 WL 1470957 (N.D. Tex. May 10, 2022) .............. 11

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
   142 S. Ct. 1562 (2022) ............................................................................. 5, passim

*Doe 1 v. Curators of Univ. of Mo.*,
   No. 19-CV-04229-NKL, 2022 WL 3366765 (W.D. Mo. Aug. 15, 2022) ................................................................................................................ 12

*Doe v. Duerfahrd*,
   No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080 (N.D. Ind. Nov. 28, 2022) .............................................................................................................. 12

*Doe v. Fairfax Cnty. Sch. Bd.*,
   No. 1:18-cv-00614-MSN-IDD, 2023 WL 424265 (E.D. Va. Jan. 25, 2023) ................................................................................................................ 12

*Doe v. Moravian Coll.*,
   No. 5:20-CV-00377-JMG, 2023 WL 144436 (E.D. Pa. Jan. 10, 2023) ................................................................................................................ 12

*Doe v. Purdue Univ.*,
   No. 2:17-CV-33-JPK, 2022 WL 3279234 (N.D. Ind. Aug. 11, 2022) ............ 5, 12

*Doe v. Purdue Univ.*,
   No. 4-18-CV-89-JEM, 2022 WL 2828238 (N.D. Ind. July 20, 2022) ................ 11

*Doe v. Regents of Univ. of Cal.*,
  23 F.4th 930 (9th Cir. 2022) ................................................................................... 8

*Gebser v. Lago Vista Indep. Sch. Dist.*,
  524 U.S. 274 (1998) ..................................................................................... 7, 10

*Gregg v. Haw., Dep't of Pub. Safety*,
  870 F.3d 883 (9th Cir. 2017) ................................................................................ 9

*K.G. v. Woodford Cnty. Bd. of Educ.*,
  No. 5:18-555-DCR, 2022 WL 17993127 (E.D. Ky. December 29,
  2022) ............................................................................................................. 12

*Khoury v. Olive Garden*,
  No. CIV. 94-20564 SW, 1995 WL 108189 (N.D. Cal. Mar. 6, 1995) .................. 9

*Mays v. Wal-Mart Stores, Inc.*,
  354 F. Supp. 3d 1136 (C.D. Cal. 2019) ................................................................ 9

*Montgomery v. D.C.*,
  No. 18-1928 (JDB), 2022 WL 1618741 (D.D.C. May 23, 2022) ...................... 12

*Doe next friend of Doe v. City of Pawtucket*,
  No. 17-365-JJM-LDA, 2022 WL 4551953 (D.R.I. Sept. 29, 2022) .............. 11, 12

*Party v. Ariz. Bd. of Regents*,
  No. CV-18-01623-PHX-DWL, 2022 WL 17459745 (D. Ariz. Dec.
  6, 2022) ..................................................................................................... 5, 11

*Pennhurst State Sch. & Hosp. v. Halderman*,
  451 U.S. 1 (1981) ............................................................................................. 10

*Surnow v. Buddemeyer*,
  380 F. Supp. 3d 1058 (D. Haw. 2019) .................................................................. 9

*T.F. v. Greenwood ISD*,
  No. 7:20-CV-215-ADA, 2022 WL 17477597 (W.D. Tex. Dec. 5,
  2022) ............................................................................................................. 12

*Wolf Designs LLC v. Five 18 Designs LLC*,
  No. CV-21-01789-PHX-ROS, 2022 WL 10551564 (D. Ariz. Oct.
  18, 2022) ......................................................................................................... 9

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **April 21, 2023, at 1:30 PM,** or as soon thereafter as this matter may be heard, in Courtroom 6A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant the Regents of the University of California ("UC") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings as to Plaintiff John Doe's ("Plaintiff") claims for emotional distress, psychological, and reputational damages in the First Amended Complaint, ECF No. 16 ("FAC").

The Court should grant partial judgment on the pleadings as to these claims for damages because these remedies are unavailable as a matter of law in Title IX actions like this one. Specifically, the Supreme Court held that such damages are not recoverable in private actions to enforce statutes enacted pursuant to Congress's Spending Clause authority. *Cummings v. Premier Rehab Keller, P.L.L.C.,* 142 S. Ct. 1562, 1576 (2022). Because Title IX is such a statute, Plaintiff cannot recover emotional distress, psychological, or reputational damages in this action. *See, e.g.*, *Party v. Ariz. Bd. of Regents,* No. CV-18-01623-PHX-DWL, 2022 WL 17459745, at *4–5 (D. Ariz. Dec. 6, 2022) (holding that claims for emotional distress and reputational damages are not cognizable in private actions under Title IX in light of *Cummings*); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022) (same for "emotional and psychological damages"); cases cited *infra* at pp. 11–12.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this matter, and such other matters as may be presented to the Court at the hearing.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on March 8, 2023.

DATED: March 15, 2023

MUNGER, TOLLES & OLSON LLP

By:    */s/ Hailyn J. Chen*
     HAILYN J. CHEN
     Attorneys for Defendant THE REGENTS
     OF THE UNIVERSITY OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff brings this action pursuant to Title IX and seeks remedies including damages for alleged emotional distress, psychological, and reputational harms. The Court should grant partial judgment on the pleadings as to these claims for damages because the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.,* 142 S. Ct. 1562 (2022), bars such relief as a matter of law.

In *Cummings*, the Supreme Court held that emotional distress and mental anguish damages are not recoverable in private actions to enforce statutes enacted pursuant to the Spending Clause. *Id.* at 1572. The Court's holding was grounded in the constitutional principle that Congress's Spending Clause authority "operates based on consent," *i.e.*, a funding recipient's consent to abide by certain requirements as a condition of receiving federal funds. *Id.* at 1570 (citations omitted). As a result, the availability of particular remedies for alleged violations of Spending Clause statutes depends on whether a funding recipient had "clear notice" such "penalties might be on the table" as a condition of "accepting federal funding." *Id.* at 1570–71 (citations and quotation marks omitted). Applying this analysis, the Court held that funding recipients <u>would not have clear notice of potential liability for damages not compensable in contract</u> and therefore that emotional distress and mental anguish damages are not recoverable under such statutes. *Id.* at 1573–74.

These same constitutional principles of consent and notice circumscribe the bounds of UC's potential liability under Title IX—the Spending Clause statute at issue here. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287 (1998). Because *Cummings* holds that a funding recipient like UC would not have clear notice of potential liability for damages that are not traditionally available in breach of contract suits, Plaintiff cannot recover emotional distress, psychological, or reputational damages in this action as a matter of law. UC respectfully requests that the Court grant partial judgment on the pleadings as to these requested remedies.

## II. BACKGROUND

This Title IX action arises from UC's investigation and adjudication of multiple allegations of misconduct asserted against Plaintiff while he was a graduate student at the University of California, Los Angeles. FAC ¶ 2. After an extensive investigation and disciplinary process, including an appeal hearing in which Plaintiff was represented by counsel, UC ultimately found Plaintiff responsible for violating UC policies against "Dating Violence" and "Conduct that Threatens Health or Safety" and imposed a two-year suspension. *Id.* ¶¶ 49–92.

Plaintiff filed this lawsuit on December 6, 2018, asserting eight causes of action contesting various alleged deficiencies in UC's investigation and disciplinary process under a combination of Title IX, 42 U.S.C. § 1983, and California state law. ECF No. 1. UC moved to dismiss all eight causes of action, ECF No. 11, and this Court dismissed the complaint in its entirety, granting Plaintiff leave to amend with respect to his Title IX claims only, ECF No. 15.

Plaintiff filed the operative FAC on May 8, 2020, purporting to assert two claims under Title IX. ECF No. 16. The FAC seeks relief "including but not limited to damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and/or career opportunities, and loss of future career prospects, caused by Defendant's conduct." *Id.* at 32. UC again moved to dismiss, ECF No. 27, and this Court dismissed with prejudice, holding that Plaintiff had "once again" failed to plausibly allege that the purported "shortcomings in [his] proceedings, . . . had anything to do with [his] gender," ECF No. 23 at 5–6.

Plaintiff appealed, and the Ninth Circuit reversed and remanded for further proceedings. *Doe v. Regents of Univ. of Cal.*, 23 F.4th 930 (9th Cir. 2022). UC answered the FAC on August 22, 2022, ECF No. 42, and the parties are now engaged in discovery. UC brings this motion to narrow the issues for discovery and dispositive motion practice.

## III. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a plausible claim for relief and is evaluated under the same standard of review. *E.g.*, *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citations and quotation marks omitted). However, a Rule 12(c) motion "may be filed at any time" so long as the motion will not delay trial. Fed. R. Civ. P. 12(c).

Courts may grant partial judgment on the pleadings as to individual causes of action or claims for relief under Rule 12(c), just as courts can grant partial dismissal under Rule 12 (b). *Wolf Designs LLC v. Five 18 Designs LLC*, No. CV-21-01789-PHX-ROS, 2022 WL 10551564, at *5 n.4 (D. Ariz. Oct. 18, 2022); *see also Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (citation and quotation marks omitted) ("[I]t is common to apply Rule 12(c) to individual causes of action."). Indeed, courts routinely grant partial judgment on the pleadings where, as here, a plaintiff seeks relief that is precluded as a matter of law. *See, e.g.*, *Surnow v. Buddemeyer,* 380 F. Supp. 3d 1058, 1067 (D. Haw. 2019) (granting judgment on the pleadings as to claim for punitive damages because such relief was unavailable as a matter of Hawaii law); *Khoury v. Olive Garden*, No. CIV. 94-20564 SW, 1995 WL 108189, at *1 (N.D. Cal. Mar. 6, 1995) (granting partial judgment on the pleadings as to claims for compensatory and punitive damages because these forms of relief were not available under Title VII at relevant time).

## IV. ARGUMENT

The Court should grant partial judgment on the pleadings with respect to Plaintiff's claims for emotional distress, psychological, and reputational damages because *Cummings* holds that such damages are not recoverable in private actions to enforce Spending Clause statutes. 142 S. Ct. at 1573–74. Because Plaintiff brings this action pursuant to such a statute—Title IX—Plaintiff cannot recover emotional distress, psychological, or reputational damages as a matter of law.

### A. *Cummings* Holds That Emotional Distress Or Mental Anguish Damages Are Not Cognizable Under Spending Clause Statutes

In *Cummings,* the Supreme Court considered whether damages for emotional harm are recoverable in private actions under the Rehabilitation Act (RA) and the Patient Protection and Affordable Care Act (ACA), both statutes enacted pursuant to Congress's Spending Clause authority. 142 S. Ct. at 1568–69. Quoting its Title IX jurisprudence, the Court explained that Spending Clause statutes must be construed "with an eye toward 'ensuring that the receiving entity of federal funds [had] notice that it will be liable.'" *Id.* at 1570 (quoting *Gebser*, 524 U.S. at 287). Accordingly, the Court explained, a "particular remedy" is only "appropriate" in a "private Spending Clause action" when a "funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature." *Id.* at 1570 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).

The Court reasoned that the way to determine whether a funding recipient would have "clear notice regarding the liability" in its "Spending Clause 'contract' with the Federal Government," is to examine whether the remedy at issue was "traditionally, generally, or normally available for contract actions." *Id.* at 1571–72 (internal quotations omitted) (citing *Barnes,* 536 U.S. at 187–88). Only in such cases, could a funding recipient "exercise its choice knowingly, cognizant of the consequences of its participation in the federal program." *Id.* at 1570 (internal quotations omitted) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 451 U.S. 1, 17 (1981)). The Court determined that "emotional distress" or "mental anguish" damages were not "traditionally available in suits for breach of contract," and therefore cannot be recovered under Spending Clause statutes such as the RA or ACA. *Cummings*, 142 S. Ct. at 1575–76.

### B. Emotional Distress, Psychological, And Reputational Damages Are Not Cognizable In Title IX Actions In Light Of *Cummings*

The letter and logic of *Cummings* apply equally to other antidiscrimination statutes enacted pursuant to the Spending Clause, including Title IX. *Cummings* sets forth a general framework for assessing the availability of particular remedies in a private action brought against a federal funding recipient pursuant to a Spending Clause statute. That framework asks: Was the remedy at issue "traditionally available in suits for breach of contract," such that "federal funding recipients have 'clear notice'" of what they will be held liable for? *Id.* at 1576. *Cummings* holds that the answer with respect to emotional distress or similar "mental anguish" damages is <u>no</u> because such damages are "'not compensable in contract.'" *Id.* at 1571–72. That answer is the same regardless of the particular Spending Clause statute at issue—whether the RA, the ACA, or, as relevant here, Title IX.

For these reasons, every court to issue a reasoned decision on the question has held that *Cummings* precludes recovery of emotional distress, psychological, and reputational damages in Title IX actions.[1] *See, e.g., Ariz. Bd. of Regents*, 2022 WL 17459745, at *3 (emotional distress and reputational damages not available in Title IX actions in light of *Cummings*); *A.T. v. Oley Valley Sch. Dist.,* No. CV 17-4983,

---

[1] Plaintiff will likely invoke two out-of-circuit district court decisions in opposition, neither of which compels a contrary conclusion: *Coleman v. Cedar Hill Indep. Sch. Dist.*, No. 3:21-CV-2080-D, 2022 WL 1470957 (N.D. Tex. May 10, 2022), and *Doe v. Purdue Univ.*, No. 4-18-CV-89-JEM, 2022 WL 2828238 (N.D. Ind. July 20, 2022). *Coleman* explicitly did not address *Cummings* because some of the plaintiff's claims had been brought under unrelated federal and state statutes. 2022 WL 1470957, at *3 n.2. *Doe v. Purdue University* declined to apply *Cummings* in a Title IX case without analysis, and has been widely criticized, and not followed, for that reason. *See, e.g.*, *Doe next friend of Doe v. City of Pawtucket*, No. 17-365-JJM-LDA, 2022 WL 4551953, at *3 (D.R.I. Sept. 29, 2022) ("[T]o the extent that this opinion provides persuasive value, there is little to be found. Such an opinion made a conclusory statement that is against the thrust—even if relegated to dicta—of the Supreme Court's opinion in *Cummings*.").

2023 WL 1453143, at *3 (E.D. Pa. Feb. 1, 2023) (same for emotional distress and all "past, present and future medical expenses" based on psychological conditions); *Purdue Univ.*, 2022 WL 3279234, at *13 (same for "emotional and psychological damages"); *Doe v. Fairfax Cnty. Sch. Bd.*, No. 1:18-cv-00614-MSN-IDD, 2023 WL 424265, at *4 (E.D. Va. Jan. 25, 2023) (same for emotional distress damages); *Doe v. Moravian Coll.*, No. 5:20-CV-00377-JMG, 2023 WL 144436, at *9 (E.D. Pa. Jan. 10, 2023) (same); *K.G. v. Woodford Cnty. Bd. of Educ.*, No. 5:18-555-DCR, 2022 WL 17993127, at *3 (E.D. Ky. December 29, 2022) (same); *T.F. v. Greenwood ISD*, No. 7:20-CV-215-ADA, 2022 WL 17477597, at *9 (W.D. Tex. Dec. 5, 2022) (same); *Doe v. Duerfahrd*, No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080, at *1 (N.D. Ind. Nov. 28, 2022) (same); *Doe next friend of Doe*, 2022 WL 4551953, at *2–3 (same); *Doe 1 v. Curators of Univ. of Mo.*, No. 19-CV-04229-NKL, 2022 WL 3366765, at *3 (W.D. Mo. Aug. 15, 2022) (same); *Bonnewitz v. Baylor Univ.*, No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399, at *3–4 (W.D. Tex. July 12, 2022) (same); *see also Montgomery v. D.C.*, No. 18-1928 (JDB), 2022 WL 1618741, at *26 (D.D.C. May 23, 2022) (holding that the rationale of *Cummings* applies equally to reputational damages, which are not available as a general rule in contract and therefore not recoverable in private suits under Spending Clause statutes).

## V. CONCLUSION

For these reasons, UC respectfully requests the Court grant partial judgment on the pleadings pursuant to Rule 12(c) with respect to Plaintiff's prayer for emotional distress, psychological, and reputational damages for his Title IX claims.

DATED: March 15, 2023           MUNGER, TOLLES & OLSON LLP

                                By:    */s/ Hailyn J. Chen*
                                       HAILYN J. CHEN
                                       Attorneys for Defendant THE REGENTS
                                       OF THE UNIVERSITY OF CALIFORNIA