HAILYN J. CHEN (State Bar No. 237436)
Hailyn.Chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

REBECCA L. SCIARRINO (State Bar No. 336729)
Rebecca.Sciarrino@mto.com
RACHEL M. SCHIFF (State Bar No. 336643)
Rachel.Schiff@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4097
Facsimile:   (415) 512-4077

Attorneys for Defendant THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-CV-10385-PSG-MRW<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1.    <u>INTRODUCTION</u>

1.1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2.   <u>GOOD CAUSE STATEMENT & DETAILED SHOWING OF NEED TO DESIGNATE FERPA-PROTECTED MATERIAL HIGHLY CONFIDENTIAL</u>

This action involves Plaintiff John Doe's claim for sex discrimination under Title IX of the Education Amendments of 1972 (<u>20 U.S.C. § 1681</u>).  Plaintiff's claim arises from Defendant The Regents of the University of California's ("UC") investigation and adjudication of a Title IX complaint brought by non-party Jane Roe against Plaintiff, then a graduate student at the University of California, Los Angeles ("UCLA").  Roe alleged, *inter alia*, incidents of dating violence, including during her time as a student at UCLA.  Discovery will therefore involve sensitive records protected by the Family Educational Rights and Privacy Act ("FERPA"), <u>20 U.S.C. § 1232g</u>, including student records relating to sexual harassment and dating violence, and including from students who are not parties to this litigation.

FERPA prohibits public funding of an educational institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" unless the student provides written consent or the information is furnished in compliance with judicial order or pursuant to a lawfully issued subpoena. 20 U.S.C. § 1232g(b)(2). FERPA broadly defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). "Personally identifiable information" means information such as names and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Discovery in this action will likely involve not just identifiable information such as student names, but also highly sensitive information regarding Defendant's investigation and adjudication of Title IX complaints involving allegations of dating violence and sexual assault against and by students. In light of the highly sensitive nature of these materials, including certain records that are protected under federal law, there is good cause for entry of a protective order in this matter that provides for a separate "Highly Confidential" designation for such materials, as set forth in Section 2.12 below.

2.    DEFINITIONS

2.1.    Action:  the above-entitled proceeding, *John Doe v. The Regents of the University of California*, Central District of California Case No. 2:19-CV-10385-PSG-MRW.

2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "Confidential" Information or Material:  information (regardless of

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6.   Disclose or Disclosed or Disclosure:  means to reveal, divulge, produce, give, or make available Confidential Materials, or any part thereof, of any information contained therein.

2.7.   Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   Document or Documents:  has the broadest meaning permitted by Federal Rules of Civil Procedure 26 and 34, and specifically and without limitation includes tangible things, electronically stored information, including information stored on a computer disk or other electronic, magnetic, or optical data storage medium, including all drafts, non-final versions, alterations, modifications, and amendments which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, derivative or summary material of all or any part of the foregoing.

2.9.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  This definition includes a professional jury or trial consultant retained in connection with this Proceeding.

2.10.  FERPA:  the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and any regulations passed pursuant to that Act by the Department of

Education or any other federal agency.

2.11.  <u>FERPA Records</u>:  any education records as defined by FERPA.

2.12.  <u>Highly Confidential</u>:  any information being produced by a Designating Party that contains, is reasonably believed to contain, or claimed by another Party to contain, FERPA Records of any student who has not consented to the disclosure of such records.

2.13.  <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.14.  <u>Information</u>:  the content of Documents or Testimony.

2.15.  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.16.  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.17.  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.18.  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.19.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.20.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

2.21.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

1  Material from a Producing Party.

2      2.22.  <u>Testimony</u>:  all depositions, declarations, or other testimony taken or

3  used in this Action.

4  3.      <u>SCOPE</u>

5      The protections conferred by this Stipulation and Order cover not only

6  Protected Material (as defined above), but also (1) any information copied or

7  extracted from Protected Material; (2) all copies, excerpts, summaries, or

8  compilations of Protected Material; and (3) any testimony, conversations, or

9  presentations by Parties or their Counsel that might reveal Protected Material.

10      Any use of Protected Material at trial will be governed by the orders of the

11  trial judge.  This Order does not govern the use of Protected Material at trial.

12  4.      <u>DURATION</u>

13      Even after final disposition of this litigation, the confidentiality obligations

14  imposed by this Order will remain in effect until a Designating Party agrees

15  otherwise in writing or a court order otherwise directs.  Final disposition will be

16  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

17  or without prejudice; and (2) final judgment herein after the completion and

18  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

19  including the time limits for filing any motions or applications for extension of time

20  pursuant to applicable law.

21  5.      <u>DESIGNATING PROTECTED MATERIAL</u>

22      5.1.    Exercise of Restraint and Care in Designating Material for Protection.

23  Each Party or Non-Party that designates information or items for protection under

24  this Order must take care to limit any such designation to specific material that

25  qualifies under the appropriate standards.  The Designating Party must designate for

26  protection only those parts of material, documents, items, or oral or written

27  communications that qualify so that other portions of the material, documents,

28  items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

(a)     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

(b)     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    FERPA Records.  The Designating Party (i) shall designate as "Highly Confidential" any Documents, Testimony or Information that contains, is reasonably believed to contain, or is claimed by another Party to contain FERPA Records of any student who has not consented to the disclosure of such records and (ii) shall have the right to designate as "Highly Confidential" any Documents, Testimony or Information that are non-public if the Designating Party believes in good faith that the Disclosure of such Information would create a substantial risk of serious financial, reputational, or other injury to any person that cannot be avoided by less restrictive means.

(a)     The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to (i) any Party's right to assert the attorney-client privilege, the attorney work product doctrine or any other privileges, protections or privacy rights; (ii) any Party's right to contest such assertions; and (iii) any Party's right to contest the alleged discoverability, relevancy or admissibility of the Information sought, or that FERPA Records can or shall be produced on any basis other than the written consent of the subject individuals or pursuant to a court order.

(b)     No party shall produce FERPA Records except with the written consent of the student whose records are being produced, or pursuant to a court order identifying the particular records to be produced, or pursuant to a lawfully issued subpoena.

5.3.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.4.    Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "Confidential" or "Highly Confidential" (hereinafter "Confidential legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

-8-
[PROPOSED] STIPULATED PROTECTIVE ORDER

markings in the margins).

(b)     for testimony given in depositions that the Designating Party designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection  is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

(c)     for Information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential" or "Highly Confidential."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

All subsequently created derivative documents such as summaries, charts, and notes that contain or discuss Confidential or Highly Confidential Materials in a manner that discloses any content of the Confidential or Highly Confidential Materials (collectively, the "Derivative Materials") shall be protected and governed by the provisions of this Stipulation and Protective Order to the same extent and on the same basis as the underlying Confidential or Highly Confidential Materials.

5.5.   Inadvertent Failures to Designate.

The inadvertent production of any Document, Testimony or Information during discovery in this Action without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such item is Confidential or Highly Confidential and no Party shall be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information

that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice as provided in paragraph 7(a), the Party or Parties that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" designated Materials.  Should a receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.   Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3.   The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

1 Party has waived or withdrawn the confidentiality designation, all parties will

2 continue to afford the material in question the level of protection to which it is

3 entitled under the Producing Party's designation until the Court rules on the

4 challenge.

5    7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6       7.1.   <u>Basic Principles.</u> A Receiving Party may use Protected Material that is

7 disclosed or produced by another Party or by a Non-Party in connection with this

8 Action only for prosecuting, defending, or attempting to settle this Action. Such

9 Protected Material may be disclosed only to the categories of persons and under the

10 conditions described in this Order. When the Action has been terminated, a

11 Receiving Party must comply with the provisions of section 13 below (FINAL

12 DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party at a

14 location and in a secure manner that ensures that access is limited to the persons

15 authorized under this Order.

16       7.2.   <u>Disclosure of "Confidential" or "Highly Confidential" Information or</u>

17 <u>Documents</u>. Unless otherwise ordered by the court or permitted in writing by the

18 Designating Party, a Receiving Party may disclose any information or item

19 designated "Confidential" or "Highly Confidential" only to:

20         (a)    the Receiving Party's Outside Counsel of Record in this Action,

21 as well as employees of said Outside Counsel of Record to whom it is reasonably

22 necessary to disclose the information for this Action;

23         (b)    the officers, directors, and employees (including House Counsel)

24 of the Receiving Party to whom disclosure is reasonably necessary for this Action;

25         (c)    Experts (as defined in this Order) of the Receiving Party to

26 whom disclosure is reasonably necessary for this Action and who have signed the

27 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28         (d)    the Court and its personnel;

(e)      court reporters and their staff;

(f)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
       IN OTHER LITIGATION

8.1.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated by any other Party in this Action as "Confidential" or "Highly Confidential" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

        (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential" or "Highly Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

            (i)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>12.3</u>.  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  March 29, 2023                    __/s/ Mark Hathaway_____

                                          Attorneys for Plaintiff

DATED:  March 29, 2023                    __/s/ Stephanie G. Herrera___

                                          Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:___03/30/2023____

                                          HON. MICHAEL R. WILNER
                                          United States Magistrate Judge

1

## **FILER'S ATTESTATION**

2

3
   Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, I attest

4
that all other signatories listed, and on whose behalf this filing is submitted, concur

5
in the filing's content and have authorized the filing.

6

7
 DATED: March 29, 2023    By:    */s/ Stephanie G. Herrera*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on [date] in the case of

_____ [**insert case name and number**]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full

name**] of _____ [**full address and

telephone number**] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____