MARK M. HATHAWAY (CA 151332; DC 437335; NY 2431682)
JENNA E. PARKER (CA 303560)
HATHAWAY PARKER INC.
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 529-9000
Facsimile: (213) 529-0783
E-Mail: mark@hathawayparker.com
E-Mail: jenna@hathawayparker.com

Attorneys for Plaintiff JOHN DOE

HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

STEPHANIE G. HERRERA (SBN 313887)
stephanie.herrera@mto.com
REBECCA L. SCIARRINO (SBN 336729)
rebecca.sciarrino@mto.com
RACHEL M. SCHIFF (SBN 336643)
rachel.schiff@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San, Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 2:19-CV-10385-HDV-MRW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. Hernán D. Vera |

**PARTIES' JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Court's Order dated June 23, 2023, counsel for Plaintiff John Doe and Defendant The Regents of the University of California ("UC") respectfully submit this Joint Case Management Statement:

**I.   DATE OF FILING**

This action was filed on December 6, 2019.  (ECF No. 1.)

**II.   SUMMARY OF PARTIES & CLAIMS**

Plaintiff, proceeding as John Doe, brings a claim for sex discrimination under Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681) against UC.

Plaintiff named Does 1-20 as defendants in the operative complaint, but has never identified or served any defendants other than UC.

**III.   BRIEF DESCRIPTION OF UNDERLYING EVENTS**

This case involves allegations that UC discriminated against Doe on the basis of gender during UC's Title IX investigation and disciplinary action against Doe (at the time, a UCLA graduate student) after his ex-fiancée, non-party Jane Roe (at the time, a former UCLA undergraduate student who was no longer enrolled) alleged that Doe had pushed her during an on-campus altercation witnessed by other members of the campus community.  This altercation on February 13, 2017, resulted in Doe's arrest for domestic battery by the UCLA Police Department.  At the time of the altercation, Doe was an international graduate student on an F-1 visa.

Three months later, on May 10, 2017, UCLA's Title IX Office and the Office of Student Conduct issued a joint Notice of Charges to Doe, charging Doe with violations of the University's student conduct policies relating to Dating Violence, Conduct that Threatens Health or Safety, Stalking, Sexual Harassment, Terrorizing Conduct, and Sexual Assault - Contact. The Office of the Dean of Students imposed an interim suspension against Plaintiff, thus threatening his F-1 student status.

Doe was ultimately found responsible by UC for a violation of Section II.B.1.c.i (Dating Violence) of the University of California Sexual Violence and

Sexual Harassment Policy and Section 102.08 (Conduct that Threatens Health or Safety) of the UCLA Student Conduct Code, and was suspended for two years.

Doe unsuccessfully completed his administrative appeals at UCLA.

Doe filed a Petition for Writ of Administrative Mandate under Cal. Code Civ. Proc. § 1094.5 in Los Angeles Superior Court, seeking to vacate the university's decision and sanctions against him. Doe also sought, on an expedited basis, a stay of his two-year suspension, which the Superior Court granted. UC filed a confession of judgment without admitting liability to set aside its decision and remand the matter for reconsideration. No further disciplinary action was taken.

This Title IX action for sex discrimination followed. Doe alleges, *inter alia*, that (1) UC selectively enforces its policies against men more than women and is more likely to impose—and to impose more severe—sanctions against men than women; and (2) procedural errors and alleged statements by UC employees in the course of its investigation and disciplinary proceedings evince gender bias. UC vigorously denies these allegations.

## IV.    STATUS OF DISCOVERY

The parties completed fact discovery on May 24, 2023. The parties jointly stipulated to extend the Court-ordered fact-discovery cutoff by one week (from May 17, 2023, to May 24, 2023), pursuant to Federal Rule of Civil Procedure 29(b) and Local Civil Rules 7-1 and 52-4.1. (ECF No. 60.) The parties respectfully request that the Court enter the proposed order on that joint stipulation, which had not yet been entered at the time of reassignment. (ECF No. 60-1.)

The current expert discovery cutoff is September 8, 2023. However, concurrent with this joint case management statement, the parties have filed a joint stipulated request to extend the expert cutoff and other subsequent case deadlines in light of the reassignment and vacatur of the hearing date on UC's pending motion for partial judgment on the pleadings (ECF No. 47), which will determine the scope of expert discovery.

## V. PROCEDURAL HISTORY

Below is a brief summary of the procedural history of this action:

- Plaintiff filed this action on December 6, 2019 (ECF No. 1);

- The case was assigned to Chief Judge Gutierrez and to Magistrate Judge Wilner for discovery matters (ECF No. 5);

- UC filed a motion to dismiss on February 13, 2020 (ECF No. 11), which the Court granted in its entirety on April 9, 2020 (ECF No. 15);

- Plaintiff filed his First Amended Complaint on May 8, 2020 (ECF No. 16);

- UC filed a motion to dismiss the First Amended Complaint on May 22, 2020 (ECF No. 17), which the Court granted in its entirety without leave to amend on July 14, 2020 (ECF No. 23);

- Plaintiff appealed the judgment dismissing the First Amended Complaint (ECF No. 24), and, on January 11, 2022, the Ninth Circuit reversed, vacated, and remanded for further proceedings (ECF No. 26);

- After the action was remanded, the Court set the current case schedule (ECF No. 38), and, at the parties' joint request, referred the matter to mediation (ECF No. 40);

- The mediation took place on November 4, 2022 (ECF No. 45), and did not result in resolution of the matter;

- The parties thereafter engaged in fact discovery, which concluded on May 24, 2023;

- UC filed a motion for partial judgment on the pleadings on March 15, 2023, which seeks judgment on Plaintiff's claims for emotional distress, psychological, and reputational damages on the ground that the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), bars such relief as a matter of law in private Title IX actions such as this (ECF No. 47); the motion is fully briefed; the motion was originally noticed for hearing on April 21, 2023, which hearing has been continued twice on the Court's own motion (ECF No. 51, 62);

- This action was reassigned to Judge Hsu on May 19, 2023;

- This action was reassigned to Judge Vera on June 23, 2023.

## VI. CURRENT & PROPOSED CASE DEADLINES

Below is a summary of current case deadlines and the proposed dates set forth in the parties' concurrently filed joint stipulated request to extend the schedule in light of the reassignment and vacatur of the hearing date on UC's pending motion for partial judgment on the pleadings (ECF No. 47, filed March 15, 2023). As explained in the joint stipulation, the parties believe the requested continuance will conserve party and judicial resources and streamline dispositive motion practice and trial preparation because the Court's ruling on the pending motion will determine the scope of damages and, accordingly, the scope of expert discovery, summary judgment, motions in limine, and other pretrial submissions.

| Event | Current Date | Proposed Date |
|---|---|---|
| Initial expert disclosures and reports due | July 21, 2023 | December 8, 2023 |
| Rebuttal expert disclosures and reports due | August 4, 2023 | December 22, 2023 |
| Deadline to complete expert discovery | September 8, 2023 | January 26, 2024 |
| Deadline to file dispositive motions | September 29, 2023 | March 1, 2024 |
| Pretrial Conference | January 5, 2023 | To be set for date after May 1, 2024, that is convenient for Court |
| Commencement of trial | January 18, 2023 | To be set for date after May 15, 2024, that is convenient for Court |

## VII. MAGISTRATE JUDGE FOR TRIAL

The parties respectfully decline to consent to a magistrate judge for trial.

## VIII. CASE MANAGEMENT CONFERENCE

The parties do not believe there is an immediate need for a case management conference to be scheduled, unless the Court would like to discuss the parties' concurrently filed joint stipulated request to extend the case schedule.

DATED: July 7, 2023      HATHAWAY PARKER INC.

By:    /s/ Mark M. Hathaway
      MARK M. HATHAWAY
  Attorneys for Plaintiff JOHN DOE

DATED: July 7, 2023      MUNGER, TOLLES & OLSON LLP

By:    /s/ Hailyn J. Chen
      HAILYN J. CHEN
Attorneys for Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

## **LOCAL RULE 5-4.3(a)(2)(i) ATTESTATION**

In accordance with Local Rule 5-4.3(a)(2)(i), the filer attests that each of the above signatories has concurred in the filing of this document.

DATED: July 7, 2023

By:    /s/ Hailyn J. Chen
        HAILYN J. CHEN