UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, | Case No. 2:19-cv-10385-HDV-MRW |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [47]** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-20, inclusive, | |
| Defendant. | |

Before the Court is Defendant The Regents of the University of California's Rule 12(c) Motion for Partial Judgment on the Pleadings. ("Motion") [Dkt. No. 47]. The matter is fully briefed and oral argument was heard on August 10, 2023.

In the present Motion, Defendant asks this Court to grant partial judgment on the pleadings with respect to Plaintiff's prayer for emotional distress, psychological, and reputational damages in light of *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). While the question of whether Fed. R. Civ. P. 12(c) can be used to challenge only part of a claim is still unsettled in the Ninth Circuit, the Court concludes for the reasons discussed below that it inappropriate to do so. The Motion is denied.

**I. BACKGROUND**

    **A. Allegations in First Amended Complaint**

Plaintiff brings this Title IX case alleging that Defendant discriminated against him based on his gender before suspending him from the University of California, Los Angeles ("UCLA") where he was a graduate student. *See* First Amended Complaint ("FAC") ¶¶ 13–119 [Dkt. No. 16]. Jane Roe ("Roe") lodged a Title IX complaint against Doe, alleging thirteen instances of misconduct. FAC ¶¶ 40–48. UCLA's Title IX investigation concluded that Plaintiff was responsible for one of the thirteen allegations. FAC ¶¶ 70. Associate Dean of Students Jasmine Rush suspended Plaintiff from UCLA for two years. FAC ¶ 99.

Plaintiff alleges several sources of anti-male bias tainted the Title IX proceedings against him. FAC ¶¶ 146–87. Plaintiff points to guidance from the U.S. Department of Education's Office for Civil Rights ("OCR"), which he alleges led to "[a] pervasive atmosphere of anti-male bias within the Title IX enforcement personnel at the University of California." FAC ¶ 154. Plaintiff also alleges that there were specific instances of bias in his case including that the Title IX investigator downplayed or ignored Roe's falsehoods, FAC ¶¶ 171–72; that a UCLA Respondent Coordinator advised Plaintiff that no female has ever fabricated allegations against an ex-boyfriend in a Title IX setting, FAC ¶ 161; and that the UCLA Dean wrongly stated that UC policy required a minimum two-year suspension for dating violence of any type, FAC ¶¶ 175, 181.

### B. Procedural History

Plaintiff filed this action against Defendant on December 6, 2019. Complaint for Damages ("Compl.") [Dkt. No. 1]. Plaintiff brought eight causes of action under a combination of Title IX, the Fourteenth Amendment, and state law. *See generally* Compl. Defendant moved to dismiss, and the Court granted the motion with leave to amend the Title IX claims only. *See* Order Granting Defendant's Motion to Dismiss [Dkt. No. 15].

Plaintiff filed his First Amended Complaint on May 8, 2020, alleging violations of (1) Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., Erroneous Outcome, FAC ¶¶ 130–87; and (2) Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., Selective Enforcement, FAC ¶¶ 188–203. For these claims, Plaintiff seeks damages "including but not limited to damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and/or career opportunities, and loss of future career prospects, caused by Defendant's conduct," as well as attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just. FAC, at 32:4-16.

Defendant moved to dismiss the FAC for failing to state a claim on May 22, 2020. *See* Motion to Dismiss First Amended Complaint [Dkt. No. 17]. The Court granted the motion finding that Plaintiff's general allegations were insufficient and amendment would be futile. *See* Order Granting Motion to Dismiss First Amended Complaint [Dkt. No. 23]. Plaintiff appealed the judgment dismissing the FAC, and on January 11, 2022, the Ninth Circuit reversed, vacated, and remanded the case for further proceedings. *See* Opinion of the Ninth Circuit Court of Appeals [Dkt. No. 26]. On August 22, 2022, Defendant filed its Answer to the FAC. *See* Defendant's Answer to First Amended Complaint ("Answer") [Dkt. No. 42].

Defendant filed this Motion on March 15, 2023. On July 23, 2023—after briefing concluded but prior to any hearing on the Motion—the case was reassigned to this Court. *See* Order of the Chief Judge 23-073 ("Reassignment Order") [Dkt. No. 53].

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is considered "functionally identical" to a motion under Rule 12(b)(6) and is evaluated under the same standard of review. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The key difference between these two motions is the timing of the filing. *See Dworkin*, 867 F.2d at 1192.

"Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation omitted). A court must construe all factual allegations in the pleadings in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## III. DISCUSSION

Plaintiff seeks a wide array of remedies for the alleged violations of Title IX at issue in this case. Among them, he asks for damages for emotional, psychological, and reputational harms caused by Defendant's alleged conduct. *See supra* I.B. Defendant does not take issue with the availability of other remedies in Plaintiff's prayer for relief, but brings a motion for partial judgment on the pleadings under Fed. R. Civ. P. 12(c) asking the Court to bar Plaintiff's recovery of damages for emotional, psychological, and reputational harm in light of the Supreme Court's recent decision in *Cummings*.

"Rule 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint or answer. Nor does it specifically prohibit such a motion. It is the practice of many judges to permit 'partial' judgment on the pleadings, if appropriate." *Curry v. Baca*, 497 F. Supp. 2d 1128, 1130–31 (C.D. Cal. 2007) (denying motion for partial judgment on the pleadings as to three causes of action and granting motion for partial judgment as to two causes of action). Indeed, courts commonly apply Rule 12(c) to individual causes of action. *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

1    However, Defendant asks this Court for something more—to permit partial judgment on the pleadings as to a particular remedy or issue that will not dispose of an entire claim. Certainly, some courts have done so. *See, e.g.*, *Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 795 (D. Ariz. 2022) (granting partial judgment on the pleadings as to one of three independent instances of alleged copyright infringement even though they were pled as one claim); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022) (granting Defendants' motion for judgment on the pleadings as to Plaintiff's claim for "emotional and psychological damages" in connection with Count II, even though the damages were "a minor component of [Plaintiff's] overall damage claims"); *Doe v. Duerfahrd*, No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080, at *1 (N.D. Ind. Nov. 28, 2022) (granting judgment on the pleadings on the issue of emotional distress damages).

The Court declines to do so here. While the Ninth Circuit has not addressed the question of whether Fed. R. Civ. P. 12(c) can be used to challenge only part of a claim, the only circuit authority on this issue appears to be *BBL, Inc. v. City of Angola*, in which the Seventh Circuit noted that a district court's decision to grant a motion for partial judgment on the pleadings as to only part of a claim may have been improper. 809 F.3d 317, 324–25 (7th Cir. 2015). Reasoning that a motion for judgment on the pleadings is functionally equivalent to a motion to dismiss under Rule 12(b)(6)—a motion that cannot be used for piecemeal challenges—the Court concluded that Rule 12(c) does not permit dismissals of parts of claims. *Id.* The Court in *BBL* also noted that Rule 12 motions stand in contrast to motions for summary judgment under Rule 56, which by its very language allows for judgment on parts of each claim or defense. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").

The Seventh Circuit's distinction, based on the analogy to Rule 12(b) and the express textual differences between Rules 12 and 56, is persuasive. While parsing a claim this finely is suitable at the summary judgment stage, a motion for judgment on the pleadings simply does not allow for this form of relief. Other California courts, including many from this District, have agreed. *See, e.g.*, *Living on the Edge, LLC v. Lee*, No. 14-cv-5982-MWF, 2015 WL 12661917, at *4 (C.D. Cal. Aug.

25, 2015) ("While neither party briefed this issue, the Court denies this Motion in part on the ground that Defendants cannot move for judgment on the pleadings with respect to less than a full cause of action."); *United States v. Real Property and Improvements Located at 2366 San Pablo Avenue, Berkeley, California*, No. 13-cv-02027-JST, 2013 WL 6774082, at *1 (N.D. Cal. Dec. 23, 2013) ("Though courts have often entertained motions for partial judgment on the pleadings with respect to a particular cause of action or affirmative defense, the Court is aware of no case in which a court has granted partial judgment on the pleadings with respect to less than a full cause of action.").

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Partial Judgment on the Pleadings is *denied*.

**IT IS SO ORDERED.**

Dated: August 11, 2023

HERNAN D. VERA
UNITED STATES DISTRICT JUDGE